UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARLOS LATWIAN HARRIS,

                Plaintiff,

v.                                                   CASE NO. 08-13383
                                                  HON. STEPHEN J. MURPHY, III

MICHIGAN DEPARTMENT OF CORRECTIONS,
C. DEFOREST, SERGEANT LYCOS,
RESIDENT UNIT OFFICER WOODROW, and
RESIDENT UNIT OFFICER DRINKWINE,

                Defendants.
_____/

## ORDER OF DISMISSAL

### I. Introduction

Plaintiff Karlos Latwian Harris is a state prisoner at G. Robert Cotton Correctional Facility in Jackson, Michigan. He has filed a *pro se* complaint against the Michigan Department of Corrections (MDOC) and four of its employees. Also pending before the Court are Plaintiff's "Motion to Approve Tendered Security" and "Motion to Release all Defendants' Full and Complete Names." The former motion seeks to have Plaintiff excused from paying the filing fee and costs for this action, and the latter motion seeks the defendants' full names so that this matter may be adjudicated against the proper persons.

The complaint and exhibits indicate that, on July 10 and 15, 2008, Plaintiff informed correctional officials that he would no longer work for them. He claimed that he was not a slave or an indentured servant and that he did not want to be assigned a work detail. On July 20, 21, and 22, 2008, he failed to report to his prison work assignment as a unit porter. When he was

contacted about his absence, he stated that he was not working for MDOC anymore. Correctional officials subsequently charged Plaintiff with major misconduct for being out of place. He was found guilty of three counts of being out of place because he did not report for his work assignment and he did not have staff authorization to be elsewhere at the time. He was punished with several days of toplock. In addition, he was classified as unemployable, which meant that he was denied certain privileges and was considered ineligible for disciplinary credits. Plaintiff now seeks money damages and immediate discharge of all MDOC accounts listed in his name. He asserts the following claims in his complaint: (1) obstruction of justice; (2) forcing a freeman to perform as a slave/indentured servant; (3) trade-name infringement; (4) fraud/conspiracy to commit fraud; (5) breach of public trust; (6) rac[k]eteering influenced corrupt organizational activities; (7) terrorism/conspiracy to commit terrorism; (8) unfair commerce and trade practices; and (9) deprivation of inalienable rights.

## II. Discussion

### A. Standard of Review

The allegations of *pro se* complaints, "'however inartfully pleaded,' are held 'to less stringent standards than formal pleadings drafted by lawyers . . . .'" *Hughes v. Rowe,* 449 U .S. 5, 9 (1980) (quoting *Haines v. Kerner,* 404 U.S. 519, 520 (1972)). However, the Court must dismiss an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee if the complaint (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989).

While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to allege grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965 (citations and footnote omitted).

### B. The Allegations

Plaintiff's involuntary-servitude and inalienable-rights claims are frivolous and fail to state a claim for which relief may be granted because the Thirteenth Amendment expressly exempts prisoners from its reach. It reads: "Neither slavery nor involuntary servitude, *except as a punishment for crime whereof the party shall have been duly convicted,* shall exist within the United States, or any place subject to their jurisdiction." U.S. CONST. amend. XIII, § 1 (emphasis added). "Compelling prison inmates to work does not contravene the Thirteenth Amendment." *Ray v. Mabry*, 556 F.2d 881, 882 (8th Cir. 1977); *see also Aceves v. Jeffers*, 196 Fed. Appx. 637, 639 (10th Cir. 2006) (unpublished decision stating that "a prisoner does not state a claim under the Thirteenth Amendment for involuntary servitude where he is required to work while incarcerated").

There is no basis in fact for Plaintiff's claims of trade-name infringement and unfair commerce and trade practices, and his conspiracy claim lacks an arguable basis in law, because he has not shown that the defendants' actions were motivated by "some racial or perhaps

3

otherwise class-based, invidiously discriminatory animus." *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971). The racketeering claim is frivolous because only a federal prosecutor can bring a complaint under RICO, 18 U.S.C. §§ 1961-1963. *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (citing *Elmore v. McCammon,* 640 F. Supp. 905, 909 (S.D. Tex. 1986)). The RICO statute does "not give rise to a civil action for damages" by a private citizen. *Id*.

To the extent that Plaintiff is complaining about being found guilty of misconduct and deprived of disciplinary credits, his claim is not cognizable in a civil rights action. A prisoner cannot obtain damages or equitable relief, absent prior invalidation of state conduct by state officials, if success in his federal civil rights action would necessarily demonstrate the invalidity of confinement or its duration. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Plaintiff implies that the decision to deprive him of disciplinary credits is an invalid punishment. Success in this action would undermine the warden's decision not to award disciplinary credits, and that decision has a direct impact on the duration of Plaintiff's confinement. Therefore, Plaintiff's challenge to the disciplinary proceedings is barred from review.

### C. MDOC

The Eleventh Amendment bars civil rights actions against a state and its departments unless the state has waived its immunity. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 66 (1989); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (*per curiam* opinion). Eleventh Amendment immunity "is far reaching. It bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984), by citizens of another state, foreigners or its own

4

citizens. *Hans v. Louisiana* 134 U.S. 1, 10 S. Ct. 504 (1890)." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate the states' sovereign immunity under the Eleventh Amendment when it enacted § 1983. *Hutzell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993). Consequently, the State of Michigan is immune from suit.

### III. Conclusion

Plaintiff's allegations lack an arguable basis in law and in fact. They seek monetary relief from an entity that is immune from suit, and they fail to state a claim for which relief may be granted. Accordingly, the complaint is summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

Plaintiff's "Motion to Approve Tendered Security"[Dkt. 5, Aug. 21, 2008] is **DENIED** because prisoners are obligated by statute to pay the full filing fee for their complaints. 28 U.S.C. § 1915(b)(1). The "Motion to Release all Defendants' Full and Complete Names" [Dkt. 3, Aug. 5, 2008] is **DENIED** as moot. Finally, an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

s/Stephen J. Murphy, III  
Stephen J. Murphy, III  
United States District Judge

Dated: October 21, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 21, 2008, by electronic and/or ordinary mail.

                              s/Alissa Greer
                              Case Manager